IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge S. Kato Crews

Civil Action No. 19-cv-01113-SKC

ONYEKA CLEMENT OBIWULU,

    Applicant,

v.

JOHNNY CHOATE, Warden,

    Respondent.

## ORDER DENYING APPLICATION FOR WRIT OF HABEAS CORPUS

This matter is before this Court pursuant to the Order of Reference entered May 29, 2019, and the parties' unanimous consent to disposition of this action by a United States Magistrate Judge.

Applicant is being detained at an immigration detention center in Aurora, Colorado. On May 2, 2019, Applicant filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [ECF. #5] ("Application"). On May 8, 2019, Respondent was ordered to show cause why the Application should not be granted. On May 24, 2019, Respondent filed a Response to Petition for Writ of Habeas Corpus [ECF. #18]. On June 5, 2019, Applicant filed his Reply to Petition for Writ of Habeas Corpus [ECF. #20].

The Court must construe the Application and other papers filed by Applicant liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. After reviewing the pertinent portions of the record in this case, the Court FINDS and CONCLUDES that the Application should be denied and the case dismissed.

## I. BACKGROUND

The parties do not dispute the relevant facts. Applicant is a native and citizen of Nigeria. On August 22, 2018, Applicant was taken into custody at a port of entry in California and classified as an arriving alien. On August 31, 2018, Applicant was transferred to the detention facility in Aurora. On October 23, 2018, Applicant filed a formal application for relief from removal and seeking asylum. On December 17, 2018, after a hearing on the merits of Applicant's case, an immigration judge entered an order of removal. Applicant appealed to the Board of Immigration Appeals ("BIA"). On May 20, 2019, after the instant action was commenced, the BIA issued a written decision affirming the immigration judge's decision and dismissing the appeal.

In the Application, Applicant challenges the length of his detention under 8 U.S.C. § 1225(b), contending his prolonged detention violates due process. As relief he asks the Court to order his release or direct Respondent to provide "an Individual Bond Hearing before an Immigration Judge." [ECF. #5 at p. 6.]  He also asks the Court to waive his inadmissibility. He does not, however, present any reasoned argument or authority that would allow the Court to consider the request to waive inadmissibility. Therefore, the Court considers only Applicant's due process claim challenging his detention under § 1225(b).

## II. DISCUSSION

The Court has jurisdiction under 28 U.S.C. § 2241 to consider Applicant's due process claim challenging his detention. *See, e.g., Demore v. Kim*, 538 U.S. 510, 517-18 (2003). Applicant is entitled to relief only if he "is in custody in violation of the Constitution, or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

Respondent contends that Applicant's challenge to his pre-removal detention under § 1225(b) is moot now that a final order of removal has entered and he no longer is being detained pursuant to § 1225(b). Respondent also contends that any claim challenging Applicant's ongoing detention during the removal period under 8 U.S.C. § 1231(a) is not yet ripe for review.

Applicant argues in his reply that detention exceeding six months is presumptively unreasonable and that his prolonged detention since August 2018 violates due process. Applicant apparently also argues that he has been denied release on parole in violation of due process. Applicant does not address Respondent's specific mootness and ripeness arguments that distinguish between pre-removal detention and detention during the removal period.

**A. Mootness**

Article III of the United States Constitution restricts the decision-making power of the federal judiciary to cases involving an actual case or controversy. *See Alvarez v. Smith*, 558 U.S. 87, 92 (2009). To satisfy the case or controversy requirement Applicant must demonstrate he has suffered, or is threatened with, an actual injury traceable to

3

Respondent and likely to be redressed by a favorable decision. *See Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990). Furthermore, "an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Id.* (internal quotation marks omitted). If circumstances change while a case is pending "such that [a party's] legally cognizable interest in a case is extinguished, the case is moot, and dismissal may be required." *Green v. Haskell Cty. Bd. of Comm'rs*, 568 F.3d 784, 794 (10th Cir. 2009) (internal quotation marks omitted). If the Court finds that a case is moot, it must dismiss the case for lack of jurisdiction. *See, e.g.*, *McClendon v. City of Albuquerque*, 100 F.3d 863, 867 (10th Cir. 1996) ("Mootness is a threshold issue because the existence of a live case or controversy is a constitutional prerequisite to federal court jurisdiction.").

As noted above, Applicant challenges his detention under 8 U.S.C. § 1225(b). Section 1225(b) mandates detention of applicants for admission until consideration of an application for asylum is finished or until removal proceedings have concluded. *See Jennings v. Rodriguez*, 138 S. Ct. 830, 842 (2018). "Once those proceedings end, detention under § 1225(b) must end as well." *Id.* The Attorney General has discretion to temporarily release an applicant for admission on parole during the pre-removal period, but that discretionary parole authority does not create a statutory right to a bond hearing. *See Bokole v. McAleenan*, No. 18-cv-00583-JB-LF, 2019 WL 2024922 at *3 (D.N.M. May 8, 2019).

"[W]hen an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the

'removal period')." 8 U.S.C. § 1231(a)(1)(A). During the removal period, the statutory authority to detain the alien arises under § 1231(a). *See Bokole*, 2019 WL 2024922 at *3; *see also Aguina-Arreola v. Holder*, No. 13-cv-02942-RM-KMT, 2014 WL 128559 at *2 (D. Colo. Jan. 10, 2014) ("After entry of a final removal order and during the 90-day removal period, the Attorney General's authority to detain an alien arises under 8 U.S.C. § 1231(a)(2)."). The removal period begins on the latest of the following dates:

> (i) The date the order of removal becomes administratively final.
>
> (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
>
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B).

According to Respondent, Applicant's removal order became administratively final under § 1231(a)(1)(B)(i) on May 20, 2019, when the BIA issued its decision dismissing Applicant's appeal from the immigration judge's December 17, 2018 decision. Applicant does not dispute that assertion and he does not argue or allege facts demonstrating that either § 1231(a)(1)(B)(ii) or (iii) is applicable. Therefore, the Court agrees with Respondent that on May 20, 2019, the removal order was administratively final, the removal period began, and the authority to detain Applicant shifted from § 1225(b) to § 1231(a)(2). *See Bokole*, 2019 WL 2024922 at *3 (concluding in the case of an arriving alien seeking asylum that "the government's authority to detain Mr. Bokole shifted from 8

U.S.C. § 1225(b)(1)(B)(ii) to § 1231(a)(2)" on the date his removal order became administratively final); *see also Beltran v. Holder*, No. 13-cv-03067-WJM, 2014 WL 321369 at *2 (D. Colo. Jan. 29, 2014) ("The removal period . . . commenced . . . when the BIA affirmed the Immigration Judge's order of removal and the order became administratively final.").

Because Applicant no longer is being detained pursuant to § 1225(b), "there is no remedy the Court could provide concerning the legality of [Applicant's] detention during the pre-removal period." *Bokole*, 2019 WL 2024922 at *3. As a result, Applicant's claim challenging pre-removal detention under § 1225(b) now is moot. *See id.* (collecting cases). For the same reason, the Court also finds that any claim Applicant may be asserting challenging denial of release on parole or entitlement to an individual bond hearing during the pre-removal period is also moot.

An action that is moot must be dismissed for lack of jurisdiction unless one of the following exceptions applies: "if (1) secondary or collateral injuries survive after resolution of the primary injury; (2) the issue is deemed a wrong capable of repetition yet evading review; (3) the defendant voluntarily ceases an allegedly illegal practice but is free to resume it at any time; or (4) it is a properly certified class action suit." *Riley v. INS*, 310 F.3d 1253, 1257 (10th Cir. 2002) (internal quotation marks omitted). In the instant action, Applicant fails to demonstrate that any exception to the mootness doctrine is applicable. Therefore, the Court lacks jurisdiction to consider his claims challenging pre-removal detention under § 1225(b) and denial of release on parole or an individual bond hearing

during that period.

**B. Ripeness**

Although Applicant's claims challenging pre-removal detention are moot, he still is being detained pending removal from the United States. *See* 8 U.S.C. § 1231(a)(2) ("During the removal period, the Attorney General shall detain the alien."). As noted above, Respondent contends that, to the extent the Application can be construed as challenging Applicant's current detention during the removal period, such a claim is not ripe for review and also must be dismissed.

"Ripeness is peculiarly a question of timing, intended to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements." *New Mexicans for Bill Richardson v. Gonzales*, 64 F.3d 1495, 1499 (10th Cir. 1995). The relevant question is "whether the harm asserted has matured sufficiently to warrant judicial intervention." *Warth v. Seldin*, 422 U.S. 490, 499 n.10 (1975). The Court considers both the fitness of the issue for judicial resolution and any hardship to the parties caused by withholding judicial consideration. *See Morgan v. McCotter,* 365 F.3d 882, 890 (10th Cir. 2004). Application of the fitness standard requires the Court to ask "whether the case involves uncertain or contingent future events that may not occur as anticipated, or indeed may not occur at all." *New Mexicans for Bill Richardson*, 64 F.3d at 1499 (internal quotation marks omitted). The hardship inquiry "typically turns upon whether the challenged action creates a direct and immediate dilemma for the parties." *Id.* (internal quotation marks omitted).

The Court agrees with Respondent that any claim challenging Applicant's current detention during the removal period under § 1231(a)(2) is not ripe for review. It is clear that "aliens must be held in custody" during the 90-day removal period under § 1231(a). *Zadvydas v. Davis*, 533 U.S. 678, 688 (2001); *see also De La Teja v. United States*, 321 F.3d 1357, 1363 (11th Cir. 2003) ("Since De La Teja has been found inadmissible under § 1182(a)(2) and is currently subject to the 90-day removal period, the Attorney General unquestionably has the authority to detain him, and indeed is statutorily required to do so."). Therefore, to the extent the Application can be construed as challenging Applicant's current detention under § 1231(a)(2), the claims are not ripe for consideration. *See Beltran*, 2014 WL 321369 at *3 ("any challenge to the legality of Applicant's detention under § 1231(a)(2) is premature because the removal period has not expired."). The fact that Applicant has been detained continuously since August 2018 is not relevant to the length of his detention under § 1231(a)(2) because, as discussed above, the 90-day removal period did not begin until May 20, 2019.

### III. CONCLUSION

In summary, the Court finds that Applicant is not entitled to relief and the Application will be denied. Accordingly, IT IS ORDERED that the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [ECF. #5] is DENIED and this case is dismissed without prejudice for lack of jurisdiction.

DATED June 21, 2019.

BY THE COURT:

S. Kato Crews
United States Magistrate Judge